IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50719
Summary Calendar
_____

GERALDINE BATTY-HOOVER,

Plaintiff-Appellant,

versus

ELLA AUSTIN COMMUNITY CENTER,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. SA-95-CV-870

_____
August 5, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this case, Batty-Hoover appeals the dismissal of her Title VII claim by the district court for failure to prosecute. The dismissal was nominally made without prejudice, but because any new action would be time barred, we review the dismissal as if it had been entered with prejudice in the first instance. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

We review dismissals with prejudice for abuse of discretion. Id. Nonetheless, a dismissal with prejudice "is an extreme

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sanction that deprives the litigant of the opportunity to pursue his claim." McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 556 (5th Cir. 1981). At a minimum, it should only be resorted to in cases of clear delay where other sanctions would be ineffective and appropriate aggravating factors are present. Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir. 1985).

In this case, our review of the record discloses that the dismissal was entered on the basis of the intransigence and malfeasance of Batty-Hoover's counsel in repeatedly failing to cooperate with his opponent to timely produce and submit the required agreed order. In this circumstance, we have clearly held that it is inappropriate to resort to a dismissal with prejudice before attempting some lesser sanction directed at the offending attorney. See Clofer v. Perego, 106 F.3d 678, 680 (5th Cir. 1997). Because the district court neither attempted such lesser sanctions nor expressly found that they would be unavailing, see Berry, 975 F.2d at 1191, its decision to dismiss Batty-Hoover's case with prejudice was an abuse of discretion. Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.

REVERSED and REMANDED.